## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DANNY SMITH, | DOCKET NUMBER |
| Appellant, | DA-0752-23-0127-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: June 14, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brittany Forrester, Esquire, Christopher Snowden, Esquire, and
Alan V. Edmunds, Esquire, Ponte Vedra Beach, Florida, for the
appellant.

Alysa Lease-Williams, Esquire, Samantha Bognar, Esquire,
and Deborah Charette, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained the charge of inappropriate conduct (involving four specifications), found that the appellant did not prove his affirmative defenses of race discrimination and harmful procedural error, and upheld the removal for the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

sustained misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

In his petition for review, the appellant argues, among other things, that the administrative judge erred in finding the agency witnesses credible in her evaluation of the inappropriate conduct specifications, and she erred in her conclusion that the agency did not commit harmful procedural error. Petition for Review (PFR) File, Tab 1. He also asserts, for the first time in his reply brief, that the agency violated his due process rights. PFR File, Tab 4 at 9-11. For the following reasons, a different outcome is not warranted.[2]

---

[2] The appellant does not explicitly challenge the administrative judge's analysis of his race discrimination claim or her finding that the agency proved nexus and that the removal penalty was reasonable for the sustained misconduct. We affirm the initial decision in this regard.

We discern no error with the administrative judge's decision to sustain the four specifications and the inappropriate conduct charge.

In the administrative judge's analysis of the four specifications and the charge, she credited the testimony of the agency witnesses over the appellant. *E.g.*, Initial Appeal File (IAF), Tab 27, Initial Decision (ID) at 5, 9-10, 12-14. Some of the administrative judge's credibility determinations were explicitly based on witness demeanor. *E.g.*, ID at 13. However, because a hearing was held, the administrative judge's credibility determinations are implicitly based on witness demeanor. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009). The Board must give "special deference" to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not explicitly discussed." *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016); *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). Additionally, the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987). We have considered the appellant's specific arguments on review, but none persuade us that the administrative judge erred in her credibility determinations or her decision to sustain the four specifications and the inappropriate conduct charge.

The appellant's arguments about harmful procedural error do not warrant a different outcome.

Harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only where the record shows that the procedural error was

likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991). The appellant bears the burden of proving harmful procedural error by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C).

In the initial decision, the administrative judge found that the appellant did not prove his claim of harmful procedural error relating to the agency's failure to allow him to rescind or modify the April 19, 2022 statement that he provided during the factfinding.[3] ID at 17-18. The administrative judge also noted that the appellant suggested during the hearing that his first-line supervisor should have been the deciding official on the removal action, instead of his fourth-line supervisor, but she concluded that the appellant failed to show by preponderant evidence that the appointment was contrary to any applicable procedure or that it constituted harmful procedural error. ID at 18 n.3. The appellant raises both claims on review, but we are not persuaded that a different outcome is warranted.

Even if we assume for the purposes of our analysis that the agency committed an error by not permitting the appellant to edit his statement, the appellant has not persuaded us that the agency would have reached a different decision in the absence of the error. Indeed, in his written response to the notice of proposed removal, the appellant clarified that he "tickl[ed]" an officer's neck and "mov[ed] side to side when trying to tickle him while he was sitting down," and he admitted tickling a second officer. IAF, Tab 7 at 29. The deciding official noted in the decision letter the inconsistency between the appellant's statements, and he found more credible the appellant's first statement because it was closer in time to the actual events and was made under oath. *Id.* at 24-25. We discern no error with the administrative judge's conclusion that the appellant did not prove his harmful procedural error claim in this regard.

---

[3] This was the only harmful procedural error claim identified during the prehearing conference summary, IAF, Tab 17 at 4, and the appellant did not challenge the administrative judge's characterization in this regard.

Likewise, we are also not persuaded that the agency erred when it designated the appellant's fourth-line supervisor as the deciding official on the removal action. The provisions cited by the appellant, which are part of the agency's anti-harassment policy, only apply to the deciding official on the harassment allegations, not the deciding official on the removal action. Thus, there is no support for the appellant's assertion that the agency committed harmful procedural error involving the deciding official on the removal action. [4]

On petition for review, the appellant also asserts that the agency committed harmful procedural error when it failed to appoint an impartial factfinder for the investigative inquiry, when the factfinder questioned witnesses about specific instances of alleged harassment, and when it delayed issuing corrective action against him. [5] PFR File, Tab 1 at 11-15. We have considered these arguments, but we likewise conclude that a different outcome is not warranted. Importantly, we are not persuaded that the agency committed any error regarding the appointment of the factfinder or how the factfinder questioned certain witnesses. Even if we assumed for the purposes of our analysis that the agency made an error when it delayed issuing corrective action against him, the appellant has not persuaded us that the agency would have reached a different conclusion in the absence of the error.

---

[4] Even if the agency erred by appointing the appellant's third-level supervisor as the deciding official on the harassment allegations, the appellant has not explained how the agency would have reached a different decision in the absence of the error. Indeed, there is no indication that the appellant's first-line supervisors, who wrote character references for him, had any knowledge of the inappropriate conduct allegations made against him. Therefore, the appellant can only speculate as to what either of his first-line supervisors would have done based on the factfinder's report on the harassment allegations. The appellant's speculation does not satisfy his burden to prove that any error was harmful. *Defense Intelligence Agency v. Department of Defense*, 122 M.S.P.R. 444, ¶ 15 (2015); *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 515 (1980).

[5] In his closing argument, he raised arguments about the agency delaying issuing corrective action against him. IAF, Tab 26-4 (closing argument).

<u>The Board need not consider the appellant's due process claim, which he raises for the first time in his reply brief, because it is not based on new and material evidence.</u>

In his reply brief, the appellant asserts, for the first time, that the agency violated his due process rights by introducing new evidence against him without allowing him to respond to such evidence. PFR File, Tab 4 at 9-10. The appellant asserts that the factfinder on the harassment allegations sent an April 26, 2022 email—2 days before he submitted the factfinding report—containing a second sworn statement from the appellant as well as his impressions of the appellant to, among other people, (1) the deciding official on the factfinding, who later became the proposing official on the removal action, and (2) the individual who later became the deciding official on the removal action. *Id.* at 10; IAF, Tab 13 at 57.

The appellant, who was represented by counsel before the administrative judge, did not raise a due process claim in his prehearing submission, the administrative judge did not note it as an issue during the prehearing conference, and she did not discuss such a claim in the initial decision. IAF, Tabs 13, 17. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). The factfinder's April 26, 2022 email referenced by the appellant to support his claim of an alleged due process violation is not new evidence. To the contrary, the appellant included this document in his prehearing submission. IAF, Tab 13 at 57. Accordingly, because it is not based on new evidence, we need not consider the appellant's argument on review.

We have considered the appellant's remaining arguments, but we are not persuaded that a different outcome is warranted.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.